UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) RAFAEL AGUSTO MIRANDA SANDOVAL, a/k/a "Alex,"<br>(2) JOSE RAFAEL BELTRE CASTRO,<br>(3) JANCER ELIZANDRO SALDANA MEJIA,<br>(4) LORENZO ESTIBERSON CASTILLO ENCARNACION, and<br>███████████████████<br><br>Defendants | Criminal No.  26cr10187<br><br>Violation:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about January 2025 through in or about April 2026, in Lawrence, Methuen, and other places in the District of Massachusetts, and elsewhere, the defendants,

(1) RAFAEL AGUSTO MIRANDA SANDOVAL, A/K/A ALEX,
(2) JOSE RAFAEL BELTRE CASTRO,
(3) JANCER ELIZANDRO SALDANA MEJIA,
(4) LORENZO ESTIBERSON CASTILLO ENCARNACION, and
███████████████████

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; 100 grams or more of a mixture and substance containing a detectable amount of carfentanil, a Schedule II controlled substance, and an analogue of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl; 100 grams or more of a mixture and substance containing a detectable amount p-Fluorofentanyl, a Schedule I controlled substance, and an analogue of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl; 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances; 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, all Schedule II controlled substances; 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(iii), (b)(1)(A)(vi), and (b)(1)(A)(viii) are applicable to this Count.

It is further alleged that 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; 100 grams or more of a mixture and substance containing a detectable amount of carfentanil, a Schedule II controlled substance, and an analogue of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl; 100 grams or more of a mixture and substance containing p-Fluorofentanyl, an analogue of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl; 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and

salts of its isomers, all Schedule II controlled substances; 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances; and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (1) RAFAEL AGUSTO MIRANDA SANDOVAL, a/k/a "Alex."   Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(iii), (b)(1)(A)(vi), and (b)(1)(A)(viii) are applicable to (1) RAFAEL AGUSTO MIRANDA SANDOVAL, a/k/a "Alex."

It is further alleged that 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances; 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances; and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (2) JOSE RAFAEL BELTRE CASTRO. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(iii), (b)(1)(A)(vi), and (b)(1)(A)(viii) are applicable to (2) JOSE RAFAEL BELTRE CASTRO.

It is further alleged that 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; 100 grams or more of a mixture and substance containing a detectable amount of carfentanil, a Schedule II controlled substance, and an analogue of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl; 100 grams or more of a mixture and substance containing p-Fluorofentanyl, an analogue of N-phenyl-N-[l-

3

(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl; and 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances, were reasonably foreseeable by, and are attributable to (3) JANCER ELIZANDRO SALDANA MEJIA. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(vi) and (b)(1)(A)(viii) are applicable to (3) JANCER ELIZANDRO SALDANA MEJIA.

It is further alleged that 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance; 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances; and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (4) LORENZO ESTIBERSON CASTILLO ENCARNACION. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(iii) are applicable to (4) LORENZO ESTIBERSON CASTILLO ENCARNACION.

All in violation of Title 21, United States Code, Section 846.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1.　　Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

(1) RAFAEL AGUSTO MIRANDA SANDOVAL, a/k/a "Alex,"
(2) JOSE RAFAEL BELTRE CASTRO,
(3) JANCER ELIZANDRO SALDANA MEJIA,
(4) LORENZO ESTIBERSON CASTILLO ENCARNACION, and
████████████████████████

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.　　If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants:

a.　cannot be located upon the exercise of due diligence;

b.　has been transferred or sold to, or deposited with, a third party;

c.　has been placed beyond the jurisdiction of the Court;

d.　has been substantially diminished in value; or

e.　has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL



FOREPERSON

KUNAL PASRICHA
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: June 23, 2026
Returned into the District Court by the Grand Jurors and filed.

*Katherine Thomson*
DEPUTY CLERK    at 2:11 pm

6